# MATTER OF RODRIGUEZ-CORTES

## In Deportation Proceedings

## A-35913271

### *Decided by Board October 19, 1992*

(1) The sentence enhancement provision of section 12022(a) of the California Penal Code, which allows for the imposition of an additional and consecutive term of imprisonment upon a person convicted of a felony where any one of the principals of the felony was armed with a firearm, does not create a separate offense, but rather imposes additional punishment, and therefore does not constitute a conviction under California law.

(2) An alien, who was convicted of five counts of attempted murder in the second degree and whose sentence under one count was enhanced pursuant to section 12022(a) of the California Penal Code because a codefendant was armed with a firearm in the attempted commission of the felony, has not been convicted of a firearm offense under California law and is not deportable under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), as an alien convicted at any time after entry of a firearm violation.

(3) An alien whose sentence enhancement pursuant to section 12022(a) of the California Penal Code is not a conviction under California law and who is not deportable under section 241(a)(2)(C) of the Act, as an alien convicted at any time after entry of a firearm violation, is eligible to apply for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. III 1991).

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted of aggravated felony

Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
Kee C. Ling
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 27, 1992, the immigration judge found the respondent deportable on her own admissions under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. III 1991), as an alien convicted of an

aggravated felony at any time after entry, and under section 241(a)(2)(C) of the Act, as an alien convicted at any time after entry of a firearm violation. The immigration judge further ordered the respondent deported from the United States to Mexico. The respondent timely appealed from that decision. The respondent's request for oral argument before the Board is denied as a matter of discretion. *See* 8 C.F.R. § 3.1(e) (1992). The appeal will be sustained and the record will be remanded for further proceedings.

The respondent is a female native and citizen of Mexico, who was admitted to the United States as an immigrant on November 4, 1977. On November 9, 1988, the respondent and two other individuals were principally charged in a five-count information of attempted willful, deliberate, premeditated murder of five individuals in violation of sections 664 and 187(a) of the California Penal Code. The respondent was accused under the name of Ana Cortez, and she was named in all five counts. The information also alleged in the five counts that the respondent's codefendant personally used a firearm within the meaning of sections 1203.06(a)(1) and 12022.5 of the California Penal Code in the commission and attempted commission of the charged offenses, causing the offenses to become serious felonies pursuant to section 1192.7(c)(8) of the California Penal Code. Additionally, the information stated in special allegations in the five counts that a principal in the attempted murder offenses was armed with a firearm, namely a handgun, in the commission and attempted commission of the offenses, with such arming not being an element of the charged offenses within the meaning of section 12022(a) of the California Penal Code.

On June 15, 1989, the respondent was convicted by pleas of nolo contendere in the Superior Court of California, County of Los Angeles, of five counts of attempted murder in the second degree, a felony, in violation of sections 664 and 187(a) of the California Penal Code. The respondent was sentenced to 5 years in prison for count one with 7-year concurrent terms for the other four counts. The conviction record in evidence reflects that the respondent's 5-year sentence for count one was enhanced by 1 year for a total term of 6 years pursuant to section 12022(a) of the California Penal Code, predicated on a finding that one of the principal codefendants was armed with a firearm in the attempted commission of the felony offense.

In an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) dated January 3, 1992, the respondent was charged with deportability under sections 241(a)(2)(A)(iii) and (C) of the Act. A hearing commenced before the immigration judge on February 27, 1992, where the respondent, who was unrepresented by counsel, admitted the five factual allegations contained in the Order to

Show Cause. Based on the respondent's admissions and the conviction record, the immigration judge found her deportable as charged. There was no issue that the respondent had attained the 7 consecutive years of lawful permanent residence required for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. III 1991). However, the immigration judge found the respondent ineligible to apply for section 212(c) relief based on the charge of deportability for a firearm offense under section 241(a)(2)(C) of the Act. The respondent did not apply for any other relief. On appeal, the respondent contests only the immigration judge's finding that she is ineligible for a section 212(c) waiver.[1]

In order to determine if the respondent is eligible for a section 212(c) waiver of inadmissibility, we must address the question whether she is deportable pursuant to section 241(a)(2)(C) of the Act. That section of the Act provides as follows:

> Any alien who at any time after entry is *convicted* under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) is deportable. (Emphasis added.)

The United States Court of Appeals for the Ninth Circuit has held that a section 212(c) waiver of inadmissibility which provides for discretionary relief from exclusion does not apply to the deportation ground for firearm offenses. *See Cabasug v. INS*, 847 F.2d 1321 (9th Cir. 1988); *see also Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991) (holding by the Attorney General that an alien deportable under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1988), for entry without inspection is not eligible for a section 212(c) waiver because there is no comparable ground of exclusion, *aff'd*, 983 F.2d 231 (5th Cir. 1993); *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984); *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979) (finding that section 212(c) relief is not available to an alien deportable for a firearm violation as there is no comparable ground of excludability), *aff'd*, 624 F.2d 191 (9th Cir. 1980). Thus, the issue in this case is whether the respondent was convicted of a firearm violation within the meaning of section 241(a)(2)(C) of Act so as to preclude her from eligibility to apply for section 212(c) relief. We do not find that such a conviction exists here.

An examination of the respondent's conviction record reveals that

---

[1] The Board concurs with the immigration judge's finding that the respondent is deportable under section 241(a)(2)(A)(iii) of the Act as an alien convicted of an aggravated felony at any time after entry. *See* section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. III 1991); *Matter of A-A-*, 20 I&N Dec. 492 (BIA 1992).

her sentence under count one was enhanced by 1 year pursuant to section 12022(a) of the California Penal Code based on the finding of the special allegation charged in the information that a principal was armed with a firearm in the attempted commission of the felony offense. Section 12022(a) provides in relevant part:

> [A]ny person who is armed with a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of one year, unless such arming is an element of the offense of which he or she was convicted. This additional term shall apply to any person who is a principal in the commission or attempted commission of a felony if one or more of the principals is armed with a firearm, whether or not such person is personally armed with a firearm.

Cal. Penal Code § 12022(a)(1) (West 1992).

Section 12022(a) is clearly only an enhancement provision which allows for the imposition of an additional and consecutive term of imprisonment where any one of the principals of a felony offense was armed with a firearm, regardless of whether the particular defendant was personally armed. The statute also indicates that the act of being armed with a firearm may not be an element of the charged offense in order for an additional and consecutive term pursuant to section 12022(a) to be imposed. In examining the increased punishment language of section 3 of the Deadly Weapons Act, which is now codified in section 12022, the California Supreme Court held that the added punishment does not create a separate offense, but merely imposes additional punishment for the felony committed when a principal was armed with a weapon named in the statute. *In re Shull*, 146 P.2d 417 (Cal. 1944). The Court of Appeals of California, Third Appellate District, also specifically held in *People v. Smith*, 210 Cal. Rptr. 43 (Cal. Ct. App. 1985), that section 12022(a) does not set forth a separate offense, but rather constitutes additional punishment for an offense for which a person is convicted and to which it applies.

In the instant case, a firearm offense was not an element of the respondent's attempted murder in the second degree conviction under count one of the information. The respondent only received additional punishment as a result of the court's finding that a principal codefendant was armed with a firearm. Thus, the enhancement of her sentence by section 12022(a) of the California Penal Code was not a conviction for a firearm offense under California law. Given that the enhancement by section 12022(a) was not a conviction under California law, it is not a conviction for immigration purposes. We therefore conclude that the respondent is not deportable under section 241(a)(2)(C) of the Act as an alien convicted at any time after entry of a firearm violation. Consequently, she is not barred from applying for

section 212(c) relief. Accordingly, the appeal will be sustained and the record will be remanded to afford the respondent an opportunity to apply for a waiver of inadmissibility pursuant to section 212(c) of the Act.

**ORDER:** The appeal is sustained and the decision of the immigration judge is reversed insofar as it finds the respondent deportable under section 241(a)(2)(C) of the Act and ineligible for section 212(c) relief, and it orders the respondent deported from the United States to Mexico.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.