# MATTER OF LOPEZ-AMARO

## In Deportation Proceedings

### A-18760938

*Decided by Board June 1, 1993*

(1) Although section 775.087 of the Florida Statutes is, on its face, a penalty enhancement provision designed to raise the penalty for conviction of a felony where the felony is committed with the use of a weapon or firearm, under Florida caselaw, use of a firearm becomes an element of the substantive offense of first degree murder with a firearm where the elements of murder under section 782.04 of the Florida Statutes and of use of a firearm under section 775.087 of the Florida Statutes are charged and proven.

(2) A conviction for first degree murder with a firearm in violation of sections 782.04 and 775.087 of the Florida Statutes constitutes a firearms offense within the meaning of section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), where the use of a firearm is deemed to be an element of the defendant's substantive offense. *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992), distinguished.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:
Manfred Rosenow, Esquire
Mario M. Lovo, Esquire
2425 Coral Way
Miami, Florida 33145

ON BEHALF OF SERVICE:
Kenneth S. Hurewitz
General Attorney

BY: Milhollan, Chairman; Morris and Vacca, Board Members. Dissenting Opinion: Heilman, Board Member.

In a decision dated December 7, 1992, the immigration judge terminated proceedings which had been instituted against the respondent based on a charge of deportability under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), for conviction of a firearms violation. The Immigration and Naturalization Service has appealed. The appeal will be sustained and the respondent will be ordered deported. The Service's request for oral

argument before this Board was withdrawn by Appellate Counsel for the Service.

The respondent is a female native and citizen of Cuba, who was paroled into the United States in 1972, and whose status was adjusted to that of a lawful permanent resident on May 14, 1977. According to the judgment contained in the record of proceedings, on December 8, 1983, the respondent was convicted in the Circuit Court, Eleventh Judicial Circuit in and for Dade County, Florida, of first degree murder with a firearm (pistol) in violation of sections 782.04 and 775.087 of the Florida Statutes. On July 31, 1991, the Service instituted proceedings by filing an Order to Show Cause and Notice of Hearing (Form I-221) with the Office of the Immigration Judge, charging the respondent with deportability under section 241(a)(2)(C) of the Act for conviction of a firearms violation.[1]

The immigration judge found that section 241(a)(2)(C) could not be applied "retroactively" to cover the respondent's 1983 conviction. We recently decided this issue contrary to the position taken by the immigration judge. *Matter of Chow*, 20 I&N Dec. 647 (BIA 1993), *aff'd*, 12 F.3d 34 (5th Cir. 1993). Section 241(a)(2)(C) of the Act is a proper charge. The respondent was notified of these proceedings by an Order to Show Cause issued and served after March 1, 1991. The 1990 revised deportation provisions therefore apply. *See* section 602(d) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5082 (enacted Nov. 29, 1990). According to its plain language, section 241(a)(2)(C) applies to convictions "at any time after entry." Section 241(a)(2)(C) thus supersedes any prior versions of the firearms deportation ground for any deportation proceedings for which the respondent received notice after March 1, 1991. *Matter of Chow*, *supra.*

Alternatively, the immigration judge held that the respondent had not been convicted of a firearms offense. In reaching this conclusion the immigration judge relied in part on *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992), in which the respondent's punishment for the first of her five counts of attempted murder in the second degree was enhanced by 1 year based on the use of a firearm in the commission of the crime. In *Rodriguez-Cortes* the Board held that the firearms enhancement was not a firearms conviction for purposes of section 241(a)(2)(C) of the Act. The immigration judge in the present case found *Rodriguez-Cortes* analogous, noting that section 775.087 of the Florida Statutes is also a firearms enhancement provision.

---

[1] Deportability based on conviction of a crime involving moral turpitude is not at issue in this case because the murder took place more than 5 years after the respondent's last entry into this country. *See* section 241(a)(2)(A)(i)(I) of the Act.

*Rodriguez-Cortes* addresses only one enhancement provision and only one of numerous ways enhancement statutes are used in the federal and state criminal systems. The enhancement provision as described in *Rodriguez-Cortes* functioned in a limited fashion. It did not create a separate offense or conviction under California law. It did not merge with the respondent's conviction or become a lesser included offense of the murder conviction. *See People v. Wolcott,* 665 P.2d 520 (Cal. 1983). It simply added 1 year to the defendant's sentence as, on its face, it is designed to do. In truth, however, enhancement statutes and their uses vary widely and often become part of a defendant's substantive offense. For example, 18 U.S.C. § 924(c)(1) (Supp. II 1990), which is widely characterized as a firearms enhancement provision, is commonly treated as a substantive offense for which a person can be found guilty and sentenced. *See United States v. Hill,* 971 F.2d 1461 (10th Cir. 1992); *Matter of K-L-,* 20 I&N Dec. 654 (BIA 1993), *aff'd,* 12 F.3d 1102 (8th Cir. 1993); *Matter of Carrillo,* 16 I&N Dec. 625 (BIA 1978). This is not to mention the variety of enhancement statutes and uses within and among the states. As the facts in the present case illustrate, there is no magic in the word "enhancement"; rather, the use and effect of the enhancement statute in a particular case must be examined. The fact that the firearms element in a conviction record originated from an "enhancement" statute cannot function as a bright-line test to exculpate an alien from deportability under section 241(a)(2)(C) of the Act.

The firearms statute in the instant case is an "enhancement" statute. Section 775.087 of the Florida Statutes provides in pertinent part:

> (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, ... the felony for which the person is charged shall be reclassified as follows:
>
> (a) In the case of a felony of the first degree, to a life felony.
>
> (b) In the case of a felony of the second degree, to a felony of the first degree.
>
> (c) In the case of a felony of the third degree, to a felony of the second degree.
>
> (2)(a) Any person who is convicted of:
>
> 1. Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping ...
>
> and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. ... Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence.

Fla. Stat. Ann. § 775.087 (West 1993) (quoted material is substantively unchanged from the version of the statute in effect at the time of the respondent's conviction).

Similar to the firearms enhancement provision at issue in *Matter of Rodriguez-Cortes, supra,* section 775.087 on its face operates to raise the penalty when a felony, including certain named crimes, is committed with the use of a weapon or firearm. It does so by upgrading the felony classification (and therefore the increased punishment that goes with it), or by imposing a minimum 3-year mandatory sentence without the option of suspension, deferment, or withholding of adjudication of guilt or imposition of sentence, and without eligibility for parole or gain time prior to the completion of the 3 years. Also similar to the provision in *Rodriguez-Cortes,* section 775.087(1), by its very terms, cannot apply to any "felony in which the use of a weapon or firearm is an essential element." However, despite this similarity, the application of section 775.087 in this case results in an outcome quite different from that in *Rodriguez-Cortes.*

The respondent was convicted of first degree murder under section 782.04 of the Florida Statutes.[2] First degree murder is a "capital" felony punishable by death or life in prison with a minimum mandatory 25 years prior to eligibility for parole.[3] The respondent was

---

[2] The current version of section 782.04(1)(a) of the Florida Statutes, like the version in effect in 1983, continues to define murder in part as follows:

The unlawful killing of a human being:
  1. When perpetrated from a premeditated design to effect the death of the person killed or any human being ... is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
Fla. Stat. Ann. § 782.04(1)(a) (West 1993).

[3] Section 775.082 of the Florida Statutes, referred to in section 782.04, has not changed since the respondent's conviction and states in part:

  (1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, and in the latter event such person shall be punished by death.

  (2) In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment as provided in subsection (1).

  (3) A person who has been convicted of any other designated felony may be punished as follows:
  (a) For a life felony committed prior to October 1, 1983, by a term of imprisonment for life or for a term of years not less than 30 and, for a life felony committed on or after October 1, 1983, by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years;

sentenced to life imprisonment with 25 years without parole as a mandatory minimum. So how was the penalty increased by proof of section 775.087 in this case? It was not. A "capital" felony is a higher classification than a "life" felony. *See* Fla. Stat. Ann. § 775.082(1) (West 1991), *supra* note 3. A capital felony cannot be reclassified to something higher and, indeed, section 775.087 does not even mention capital felonies. Moreover, the 3-year mandatory requirement of section 775.087(2) is obviously no increase to the respondent's already-imposed 25-year minimum mandatory sentence.

Nonetheless, the inclusion of section 775.087 in the respondent's case is not mere surplusage.[4] Rather, section 775.087 was used to enhance not the penalty but the characterization of the respondent's offense itself. Under Florida law, use of a firearm is not an essential element of the crime of murder. *Strickland v. State*, 437 So.2d 150 (Fla. 1983). However, murder becomes the enhanced offense of "murder with a firearm" if section 775.087 is charged in the information and is satisfied. *Burgess v. State*, 524 So.2d 1132 (Fla. Dist. Ct. App. 1988). In other words, if the elements of murder under section 782.04 and the elements of use of a firearm during the commission of a felony under section 775.087 are charged and proven, the defendant is considered to have been convicted of "murder with a firearm" under Florida law. *Id.* In fact, a defendant convicted as such cannot be separately charged and convicted of "use of a firearm during the commission of a felony" pursuant to section 790.07(2) of the Florida Statutes because that would violate double jeopardy. *Id.* In these circumstances, where the firearms element has become an element of the respondent's substantive offense, the fact that the firearms element of the respondent's conviction came from an "enhancement" statute is irrelevant.

Given that there is no question that the respondent has been convicted for immigration purposes, *see Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988), and that use of a firearm is deemed to be an element or lesser included offense of her conviction, the relevant question is whether the conviction is properly termed a conviction for a firearms offense within the meaning of section 241(a)(2)(C) of the Act. While

---

(b) For a felony of the first degree, by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment;

(c) For a felony of the second degree, by a term of imprisonment not exceeding 15 years;

(d) For a felony of the third degree, by a term of imprisonment not exceeding 5 years.

Fla. Stat. Ann. § 775.082 (West 1993).

[4] *Cf. Matter of Perez-Contreras*, 20 I&N Dec. 615, at 617 & n. 4 (BIA 1992).

use of a firearm is deemed to be an element of the respondent's offense, does that make the offense a firearms offense, or is it murder only (a crime involving moral turpitude), or is it both? This is the issue addressed by the concurrence in *Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992) (Heilman, concurring).

We find that a conviction such as that in the present case, where the firearms violation is deemed to be an element or lesser included offense of the conviction, is properly considered both a crime involving moral turpitude and a firearms conviction under section 241(a)(2)(C) of the Act. There is no doubt that murder is a crime involving moral turpitude regardless of whether it was committed with a firearm. That it was committed with a firearm, however, and that use of the firearm is deemed to be an element or a lesser included offense of the crime, also makes it a firearms violation under section 241(a)(2)(C). The amendment of the firearms deportation ground to include "use" violations indicates more than "regulatory" violations as suggested in the concurrence in *Matter of Montenegro, supra,* at 8. An alien convicted of "use of a firearm" would be deportable under section 241(a)(2)(C) of the Act. An alien who used the firearm to kill a person and was convicted of "murder" and of "use of a firearm" would also be deportable under section 241(a)(2)(C). It would be incongruous to hold that an alien who used the firearm to kill a person and was convicted of "murder with the use of a firearm," where the use of the firearm was specifically deemed to be a lesser included offense, was not deportable under section 241(a)(2)(C). That is the case here. We find the respondent deportable as charged. The appeal will be sustained. The respondent does not appear eligible for relief from deportation. Accordingly, the following orders will be entered.

**ORDER:**   The appeal of the Immigration and Naturalization Service is sustained and the decision of the immigration judge is vacated.

**FURTHER ORDER:**   It is ordered that the respondent be deported from the United States to Cuba.

*DISSENTING OPINION:* Michael J. Heilman, Board Member

I respectfully dissent.

In a very short time, this Board has had to retreat from its confident position in *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992), that individuals who had been convicted of a "firearms" violation were distinguishable from those who had merely had their sentences "enhanced" because they had used a firearm in the course of committing a crime. In this case, the distinction falls into a broken heap. The respondent has been convicted of murder under section

782.04 of the Florida Statutes. Because the murder was committed with a firearm, he came within the provisions of section 775.087 of the Florida Statutes for purposes of sentencing.

The Florida courts that interpret Florida criminal statutes seem to be under the impression that the purpose of section 775.087 is to categorize or classify the offense of murder by its level of severity for purposes of punishment. In a decision involving the same Florida statutes at issue here, a Florida court held:

> Attempted first-degree murder under Sections 782.04 and 777.04, Florida Statutes, becomes the enhanced offense of attempted first-degree murder with a firearm under Section 775.087, Florida Statutes, which provides:
>
>> (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
>>
>>> (a) In the case of a felony of the first degree, to a life felony.

*Burgess v. State*, 524 So.2d 1132, 1134 (Fla. Dist. Ct. App. 1988).

If indeed we are construing the language of section 775.087, then it is not at all clear to me why we would ignore the fact that a person will fall within this statute's purview if the person has used "any weapon or firearm," or "commits an aggravated battery." To call this provision a statute aimed at firearms would be a gross exaggeration. It is evident that an individual need not use a firearm to be punished under this provision.

If we are actually applying the firearms deportation ground provided for in the immigration law, then we are supposed to be deciding if the respondent here is

> [a]ny alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code).

Section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991).

The only word in this deportation provision that appears to be relevant to the respondent's case is the word "using," as the Florida sentencing statute heightens the punishment for one who "uses" or "attempts to use" a firearm in the course of a felony. But unlike the majority, I do not find that simply because the same word is used in the immigration law and the Florida statute, the word makes the statute into a firearms offense. If this is so, then the statute is also a "weapons" offense and an "aggravated battery" offense, because both of those terms are also in the Florida statute.

In my estimation, the fallacy of the Board's interpretation lies in its persistent belief that if it discovers the word "firearm" in a statute it has uncovered a firearms offense. If, however the statute "enhances" a punishment for another felony, then it is not a firearms offense. But of course, an "enhancement" statute may refer to a firearm, and if it does, it will also become a firearms offense if the reference to a firearm is construed as an "element" of the statute. It would be useful to us all, however, if the majority would define what it means by "element." While the majority uses that term as if it were applying the general legal usage of the word "element," meaning the parts of a crime that must be proved to sustain a conviction, in actuality, it is interpreting that term in a much broader, more colloquial sense. The use of a firearm is not an "element" of murder in the State of Florida, and the conviction of the respondent would stand even if his sentencing under section 782.04 was reversed.

The loose usage of the term "element" by the majority can easily result in circular reasoning, as is apparent here. We are told by the Florida murder statute, section 782.04, that the use of a firearm is not an essential element of the offense of murder. We are explicitly told by the "enhancement" provision, section 775.087, that an individual may not be sentenced under this latter provision if the underlying felony to which this section is applied has as an "essential element" the use of a firearm. The conclusion is inescapable that the felony offense of murder under Florida law is not an offense defined by the use of a firearm. This being the case, then these two Florida statutes, as applied in tandem, are no different from the two California statutes this Board construed in *Matter of Rodriguez-Cortes, supra.*

For these reasons, I would dismiss the appeal.