## MATTER OF K-L-

### In Deportation Proceedings

### A-25015072

*Decided by Board June 3, 1993*

(1) A conviction under 18 U.S.C. § 924(c)(1) (Supp. II 1990) for use of a firearm during a drug trafficking crime or crime of violence is a conviction for immigration purposes because this statute creates distinct offenses separate from the underlying offenses, rather than merely enabling penalty enhancement. *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992), distinguished.

(2) An alien convicted of use of a firearm during a drug trafficking crime is deportable under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), as an alien convicted at any time after entry of a firearm violation, and under section 241(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of fire-
    arms violation

Lodged: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted
    of aggravated felony

ON BEHALF OF RESPONDENT:    ON BEHALF OF SERVICE:
 Pro se           Joyce L. Richard
             General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The respondent has appealed from a decision dated January 26, 1993, in which the immigration judge found him deportable under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. III 1991), as an alien convicted of an aggravated felony at any time after entry, and under section 241(a)(2)(C) of the Act, as an alien convicted of a firearms violation at any time after entry. The immigration judge also found him ineligible for asylum under section 208(a) of the Act, 8 U.S.C. § 1158(a) (1988), withholding of deportation under section 243(h) of the Act, 8 U.S.C. § 1253(h) (Supp. III 1991), waivers of inadmissibility under sections 212(c) and (h) of the Act, 8 U.S.C. §§ 1182(c) and (h) (Supp. III 1991),

and adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (1988). The appeal will be dismissed.

The respondent is a 26-year-old native and citizen of Laos who was admitted to the United States as a lawful permanent resident on March 31, 1980. On October 18, 1991, the respondent was convicted, in the United States District Court for the District of Minnesota, under count IV of a six-count indictment, which stated that he

knowingly used and carried a firearm, that is, an S.W.D. Inc. (Cobray) Model M-11 9 mm semi-automatic pistol, during and in relation to a drug trafficking crime for which [he] may be prosecuted in a court of the United States, namely, the unlawful sale of 2.30 grams of opium described in Count III; all in violation of Title 18, United States Code, Section 924(c)(1).[1]

The respondent received a sentence of 18 months' incarceration, to be followed by 3 years' probation. An Order to Show Cause and Notice of Hearing (Form I-221) was issued on December 7, 1992, charging the respondent with deportability under section 241(a)(2)(C) of the Act. The Immigration and Naturalization Service lodged an additional charge under section 241(a)(2)(A)(iii) of the Act on January 13, 1993.

On appeal, the respondent challenges the immigration judge's determinations about his deportability and eligibility for relief from deportation. He further argues that his limited criminal background and his equities in this country establish that he warrants a favorable exercise of discretion for the relevant forms of relief from deportation. Additionally, the respondent alleges that his due process rights were violated at the hearing. In reply, the Service argues that the immigration judge correctly set out the facts and the applicable law in his decision, and therefore his decision should be affirmed.

## DEPORTABILITY

The respondent was convicted under 18 U.S.C. § 924(c)(1) (Supp. II 1990), which reads in pertinent part as follows:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, [sic] short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

---

[1] The other five counts of the indictment, for which he was not convicted, charged the respondent with the unlawful distribution of opium in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (1988). The record reflects that the events leading to the respondent's conviction occurred in February and March 1991.

In his decision, the immigration judge found that the respondent's conviction under this statute for the use of a firearm during a drug trafficking crime had elements which rendered it both a firearms violation and an aggravated felony for immigration purposes. In reaching this conclusion, he distinguished our recent decision in *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992). We agree with this analysis.

The federal courts have recognized the aforementioned portion of 18 U.S.C. § 924(c)(1) as creating distinct offenses separate from the underlying offenses, rather than merely being an enhancement provision, despite its appearance as a penalty enhancement provision. *See United States v. Hill*, 971 F.2d 1461 (10th Cir. 1992); *United States v. Hunter*, 887 F.2d 1001 (9th Cir. 1989) (per curiam), *cert. denied*, 493 U.S. 1090 (1990); *see also United States v. Onick*, 889 F.2d 1425, 1431 (5th Cir. 1989); *Matter of Carrillo*, 16 I&N Dec. 625 (BIA 1978).[2] Indeed, the respondent's conviction exemplifies this interpretation, as it was the only statutory provision under which he was convicted.

In this regard, 18 U.S.C. § 924(c)(1), as applied in the current case, stands in distinct contrast to the sentencing enhancement provision we recently addressed in *Matter of Rodriguez-Cortes, supra*. In that decision, the respondent had been convicted of five counts of attempted murder, and her sentence had been enhanced under the California Penal Code due to the fact that a principal codefendant had been armed with a firearm. The issue before us was whether the application of the enhancement provision would render the respondent deportable for a firearms violation. We looked for guidance in decisions of the California Supreme Court, which held that the particular section of the code at issue did not create a separate offense, but only constituted additional punishment for the offense to which it was applied. Due to this determination, we reasoned that the application of the enhancement provision in that case did not constitute a conviction for immigration purposes. Accordingly, we declined to find the respondent deportable under section 241(a)(2)(C)

---

[2] In *Matter of Carrillo, supra*, we first recognized that the earlier version of 18 U.S.C. § 924(c) created a distinct and separate offense from the underlying felony. We also concluded that it did not constitute a controlled substance violation under former section 241(a)(11) of the Act. However, that case did not address the nature of the statute as an enhancement provision and dealt with different deportation grounds. Therefore, it does not compel any result in the current case. We further note that 18 U.S.C. § 924(c) was amended in 1986 to include the specific language "drug trafficking crime" as a predicate crime to a § 924(c) conviction. *See* Firearms Owners' Protection Act, Pub. L. No. 99-308, § 104(a)(2), 100 Stat. 449, 456-57 (1986); *see also United States v. Hill, supra*, at 1466.

of the Act, as her conviction for attempted murder did not include elements of a weapons offense.

The reasoning in *Matter of Rodriguez-Cortes, supra,* does not control the instant situation because we are concerned here with a provision of law which creates a distinct offense, rather than merely increases the punishment. Accordingly, we find that a conviction under 18 U.S.C. § 924(c)(1), as applied in the current case, constitutes a conviction for immigration purposes. *See Matter of Ozkok,* 19 I&N Dec. 546 (BIA 1988). We further find that the respondent's conviction renders him deportable as charged under sections 241(a)(2)(C) and (A)(iii) of the Act, as an alien convicted of a firearms violation and an aggravated felony.

A conviction under 18 U.S.C. § 924(c)(1) for the use of a firearm during a drug trafficking crime requires the Government to prove the following:

> (1) that the defendant committed the underlying crime;
>
> (2) that he used or carried a weapon;
>
> (3) and that the use or carriage of the weapon was during and in relation to the drug trafficking crime.

*United States v. Nicholson,* 983 F.2d 983, 990 (10th Cir. 1993). Section 241(a)(2)(C) of the Act provides as follows:

> Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) is deportable.

As set out above, the requirements for a conviction under 18 U.S.C. § 924(c)(1) clearly establish that the use or carriage of a weapon is an integral element of the crime. Since the respondent has been convicted of a crime for which an essential element is the use of a weapon, he is clearly deportable under section 241(a)(2)(C) of the Act as an alien convicted of a firearms violation.[3] *Cf. Matter of Montenegro,* 20 I&N Dec. 603 (BIA 1992) (Heilman, concurring) (analyzing the anomalies which result from various forms of criminal prosecution and the consequences for immigration purposes).

We further find that the respondent is deportable under section 241(a)(2)(A)(iii) of the Act as an alien convicted of an aggravated felony. The definition of aggravated felony provides as follows:

---

[3] In his appeal brief, the respondent appears to argue that because he legally purchased his weapon and failed to fire it during the crime he is not deportable for a firearms violation. However, we do not find it relevant that the firearm was legally purchased, because its appearance during an illegal activity is the act prohibited by the criminal statute. Further, the language of section 241(a)(2)(C) of the Act makes it clear that the weapon need not be discharged to render an alien deportable.

> The term "aggravated felony" means murder, any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act), including any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, any offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years, or any attempt or conspiracy to commit any such act. Such term applies to offenses described in the previous sentence whether in violation of Federal or State law and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years.

Section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. III 1991).

In *Matter of Davis*, 20 I&N Dec. 536 (BIA 1992), we held that a drug-related aggravated felony includes any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing of any controlled substance. *Id.* at 541. Clearly, by its terms, the respondent's conviction for unlawful use of a firearm during a drug trafficking crime involves the unlawful distribution of a controlled substance. Indeed, to secure a conviction under § 924(c)(1), the Government must prove that the defendant committed the underlying drug trafficking crime. *See United States v. Hill, supra,* at 1463. Accordingly, we find that the respondent's conviction encompasses elements which establish that it is an aggravated felony within the meaning of section 241(a)(2)(A)(iii) of the Act,[4] and a firearms violation within the meaning of section 241(a)(2)(C) of the Act. We conclude, as did the immigration judge, that the respondent's deportability has been established by clear, unequivocal, and convincing evidence, as required. *Woodby v. INS,* 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1993).

## RELIEF FROM DEPORTATION

The respondent has challenged the denial of his prospective applications for relief, specifically emphasizing his equities in this country and the evidence of his rehabilitation. However, the respondent's conviction and deportability preclude him from establishing his

---

[4]Further, a conviction under 18 U.S.C. § 924(c)(1) for use of a firearm during a crime of violence would also render an alien offender deportable under section 241(a)(2)(A)(iii) of the Act, so long as the crime was committed on or after November 29, 1990, and the term of imprisonment imposed was at least 5 years. *See Matter of A-A-,* 20 I&N Dec. 492, at 500 (BIA 1992). In comparison, an alien is deportable for a drug-related aggravated felony whether the conviction occurs before, on, or after November 18, 1988. *Id.*

statutory eligibility for the requested forms of relief. We will analyze each form of relief in turn.

It is well established that a section 212(c) waiver of inadmissibility, which provides for discretionary relief from exclusion, does not apply to the deportation ground for firearms offenses. *See Cabasug v. INS*, 847 F.2d 1321 (9th Cir. 1988); *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980). This stems from the recognition that a section 212(c) waiver is only available to aliens in deportation proceedings who are being deported on grounds for which comparable exclusion grounds exist. *See Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993); *see also Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984). There is no exclusion ground for a firearms violation. Accordingly, the respondent is statutorily ineligible for this form of relief.

The respondent additionally expressed a fear of returning to his native country of Laos. However, the respondent's conviction precludes him from eligibility for both asylum and withholding of deportation. Section 208(d) of the Act specifically states that an alien convicted of an aggravated felony is ineligible for asylum. Further, section 243(h)(2)(B) of the Act states that withholding of deportation shall not apply to an alien who, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." This provision is qualified by the statement that "an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime." Section 243(h)(2) of the Act. Further, a conviction for a particularly serious crime mandates a finding that the respondent is a danger to the community. *See Matter of K-*, 20 I&N Dec. 418 (BIA 1991). Accordingly, the respondent's conviction for an aggravated felony disqualifies him from either form of relief. *See also Matter of A-A-*, *supra*, at 18-21.

The respondent further asserts that he is eligible for adjustment of status under section 245(a) of the Act.[5] As noted by the immigration judge, the respondent did not present evidence that he is the recipient of an approved visa petition, or that a petition has been filed on his behalf.[6] Therefore, he has not established any possible statutory eligibility for adjustment of status. Additionally, we point out that the

---

[5]This provision permits the Attorney General, in his discretion, to accord lawful permanent resident status to an alien who was inspected and admitted or paroled into this country and who is admissible, is eligible to receive an immigrant visa, and has an immigrant visa available to him at the time his application for adjustment is filed.

[6]Furthermore, there is no indication that the respondent has any relatives who are United States citizens.

respondent's deportability for a firearms violation would not preclude adjustment of his status. *See Matter of Rainford,* 20 I&N Dec. 598 (BIA 1992). However, his conviction for use of a firearm during a drug trafficking crime would render him inadmissible as a controlled substance trafficker under section 212(a)(2)(C) of the Act.[7] Therefore, the respondent is also precluded from relief on this account. In conclusion, we do not find any form of relief from deportation which is available to the respondent due to the nature of his conviction.[8]

There is one final issue to be discussed. In his Notice of Appeal (Form EOIR-26), the respondent states that he was denied due process at the hearing due to his "English language handicap" and lack of representation. However, at the hearing the respondent stated that he spoke English, and he did not request an interpreter. Further, our review of the transcript does not reveal any apparent language difficulties at the hearing. The respondent has also failed to specify any portion of the hearing that he did not understand and has not shown how he was prejudiced by his alleged language difficulties. *See Matter of Santos,* 19 I&N Dec. 105 (BIA 1984). Therefore, we find no merit in this claim. Further, the record reveals that the respondent was fully advised of his right to counsel, and the proceedings were continued in order to enable him to seek representation. The respondent appeared unrepresented at the subsequent hearing and did not request another continuance. These factors lead us to conclude that the respondent's claim that his right to counsel was violated is also without merit. *See* section 292 of the Act, 8 U.S.C. § 1362 (1988).

In sum, the respondent is deportable as charged as an alien convicted of a firearms violation and an aggravated felony. Further, he has failed to establish eligibility for any form of relief from deportation which would possibly be available to him. The appeal will therefore be dismissed.

**ORDER:**    The appeal is dismissed.

---

[7] We note that section 212(a)(2)(C) is not a ground of inadmissibility for which a waiver under section 212(h) of the Act is available.

[8] The respondent has argued on appeal that he was deprived of his right to present evidence of his equities in this country. However, the presentation of such evidence would not alter the fact that the respondent is statutorily ineligible for the various forms of relief from deportation which were discussed in this opinion. Therefore, the respondent's claim in this matter is without merit and does not warrant further discussion. We also note that although unnecessary, the immigration judge concluded that the respondent did not warrant a favorable exercise of discretion under the mandate of *Ignacio v. INS,* 955 F.2d 295 (5th Cir. 1992). For purposes of clarification, we point out that there is no language in that decision stating that aliens convicted of an aggravated felony should be per se denied all forms of discretionary relief.