# In re Pedro Aricio PICHARDO-Sufren, Respondent

File A37 159 405 - Boston

*Decided April 23, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where the statute under which an alien has been convicted encompasses offenses that constitute firearms violations and offenses that do not, the Board of Immigration Appeals will look beyond the statute, but only to consider such facts which appear from the record of conviction, or other documents admissible under federal regulations as evidence in proving a criminal conviction, to determine whether the specific offense for which the alien was convicted constitutes a firearms violation within the meaning of section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (1994).

(2) Where the only criminal court document offered into the record to prove an alien's deportability under section 241(a)(2)(C) of the Act consists of a Certificate of Disposition which fails to identify the subdivision under which the alien was convicted or the weapon that he was convicted of possessing, deportability has not been established, even where the alien testifies that the weapon in his possession at the time of his arrest was a gun, since it is the crime that the alien was convicted of rather than a crime that he may have committed which determines whether he is deportable.

FOR RESPONDENT: Mark L. Galvin, Esquire, Providence, Rhode Island

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

FILPPU, Board Member:

On May 9, 1994, an Immigration Judge found the respondent deportable under sections 241(a)(2)(B)(i) and (C) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(2)(B)(i) and (C) (1994), and determined that he was ineligible for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994). The respondent, a native and citizen of the Dominican Republic and a lawful permanent resident of the United States since 1981, has appealed, challenging only that portion of the Immigration Judge's decision finding him deportable under section 241(a)(2)(C) of the Act and determining him to be ineligible for section 212(c) relief. The Immigration and Naturalization

Service has not filed a brief on appeal. The respondent's appeal will be sustained.

## I. ISSUE PRESENTED

The issue to be resolved here is whether the respondent's deportation hearing testimony regarding the incident which gave rise to his 1988 conviction for criminal possession of a weapon in the third degree constitutes clear, unequivocal, and convincing proof of his deportability under section 241(a)(2)(C) of the Act, where the identity of the weapon that he was convicted of possessing and the subdivision of the law under which he was convicted cannot be ascertained from the conviction document that was offered into evidence and made a part of the record.

## II. THE HEARING BELOW

The Immigration and Naturalization Service instituted deportation proceedings against the respondent, charging him with deportability under sections 241(a)(2)(B) and (C) of the Act. At his deportation hearing, the respondent admitted to having been convicted in 1993 of possession of cocaine, as alleged in the Service's charging document, and conceded his deportability under section 241(a)(2)(B) of the Act. The Service also alleged that the respondent had been convicted "of criminal possession of a weapon, third degree, to wit: a firearm." The respondent pled to this factual allegation, admitting that he had been convicted of third degree weapons possession, but denied that it was a conviction for a firearms violation and, accordingly, denied his deportability under section 241(a)(2)(C) of the Act.

During the deportation hearing, a Certificate of Disposition from the Supreme Court, County of Bronx, New York, was admitted into the record, revealing that the respondent was convicted on February 16, 1988, of criminal possession of a weapon in the third degree. The respondent also was questioned about the circumstances which gave rise to his weapons conviction, and, in the course of that testimony and after having previously denied his deportability under section 241(a)(2)(C) of the Act, the respondent described the weapon as a gun.

Based on this evidence, the Immigration Judge determined that the respondent was deportable under section 241(a)(2)(C) of the Act and ineligible for relief under section 212(c) of the Act. *See Woodby v. INS*, 385 U.S. 276 (1966); *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993). In so finding, the Immigration Judge relied upon the Certificate of Disposition, the respondent's admission that he had been convicted of a weapons violation, and the respondent's deportation hearing testimony that the weapon involved was a gun.

## III. APPLICABLE LAW

In pertinent part, section 241(a)(2)(C) of the Act provides that "[a]ny alien who at any time after entry is convicted under any law of . . . possessing . . . any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) in violation of any law is deportable."

The record shows the respondent was convicted under the laws of the State of New York of criminal possession of a weapon in the third degree. The New York statute under which the respondent was convicted was not submitted into the record, nor was the section number of the statute given. However, the respondent represents on appeal and this Board concludes, after searching through the criminal statutes of the State of New York, that the respondent was convicted under section 265.02 of the New York Penal Law.

At the time the respondent was convicted, section 265.02 provided as follows:

A person is guilty of criminal possession of a weapon in the third degree when:

(1) He commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime;[1]

(2) He possesses any explosive or incendiary bomb, bombshell, firearm silencer, machine-gun or any other firearm or weapon simulating a machine-gun and which is adaptable for such use; or

(3) He knowingly has in his possession a machine-gun, firearm, rifle or shotgun which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun, firearm, rifle or shotgun; or

(4) He possesses any loaded firearm. Such possession shall not, except as provided in subdivision one, constitute a violation of this section if such possession takes place in such person's home or place of business.

(5)(i) He possesses twenty or more firearms; or (ii) he possesses a firearm and has been previously convicted of a felony or a class A misdemeanor defined in this chapter within the five years immediately preceding the commission of the offense and such possession did not take place in the person's home or place of business.

---

[1] Section 265.01 provides in pertinent part that a person is guilty of criminal possession of a weapon in the fourth degree when:(1) He possesses any firearm, electronic dart gun, gravity knife, switchblade knife, pilum ballistic knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub, wristbrace type slingshot or slingshot, shirken or "Kung Fu star"; or (2) He possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another; or (3) He knowingly has in his possession a rifle, shotgun or firearm in or upon a building or grounds, used for educational purposes, of any school, college or university, except the forestry lands, wherever located, owned and maintained by the State University of New York college of environmental science and forestry, without the written authorization of such educational institution; or. . .(5) He possesses any dangerous or deadly weapon and is not a citizen of the United States . . . .

Criminal possession of a weapon in the third degree is a class D felony.

N.Y. Penal Law § 265.02 (McKinney 1988).

## IV. DISCUSSION

At the outset, we point out that this is not a case where an alien admits in pleadings that he was convicted of a firearms violation. Nor are we faced with a case where deportability was conceded. The respondent did not admit to the truth of the Service's factual allegation that he was convicted of a firearms violation. He did not concede his deportability under section 241(a)(2)(C) of the Act, nor did he at any point in the hearing testify that he was convicted of a firearms violation.[2] However, the respondent did testify to the underlying conduct which gave rise to his weapons conviction and admitted in the course of that testimony that the weapon involved was a gun. It is the Immigration Judge's use of this extrinsic testimonial evidence to find the respondent deportable which is being contested by the respondent and which we now address on appeal.

By its very terms, section 241(a)(2)(C) of the Act renders deportable only aliens who have been *convicted* of firearms violations. Thus, an alien who may have committed a firearms violation but was never convicted of such a violation does not fall within the purview of section 241(a)(2)(C) of the Act.

There is no dispute that the respondent pled guilty to and was convicted of criminal possession of a weapon in the third degree. In fact, this conviction may support a finding of deportability under section 241(a)(2)(C) of the Act, but only if the record contains clear, unequivocal, and convincing proof that possession of a firearm was an integral element of the offense that the respondent was convicted of committing. *See Matter of Lopez-Amaro,* 20 I&N Dec. 668 (BIA 1993), *aff'd*, 25 F.3d 986 (11th Cir. 1994), *cert. denied*, 513 U.S. 1146 (1995); *Matter of P-F-*, 20 I&N Dec. 661 (BIA 1993); *Matter of K-L-,* 20 I&N Dec. 654 (BIA 1993), *aff'd sub nom. Lee v. INS*, 12 F.3d 1102 (8th Cir. 1993); *see also Woodby v. INS, supra*. In other words, the evidence of record must establish that the respondent was, in fact, convicted of criminally possessing a firearm within the meaning of section 241(a)(2)(C) of the Act. Accordingly, the starting point of our analysis is the criminal statute under which the respondent suffered his weapons conviction. *See Matter of Perez-Contreras,* 20 I&N Dec. 615 (BIA 1992); *Matter of Rodriguez-Cortes,* 20 I&N Dec. 587 (BIA 1992).

We begin by noting that nowhere in the record file is there any evidence of the particular subdivision of section 265.02 of the New York Penal Law which the respondent was convicted of violating. This fact is pertinent in that,

---

[2] We note that had the respondent admitted to the Service's factual allegation or conceded his deportability under section 241(a)(2)(C) of the Act, it would have been unnecessary for the Service to present a record of conviction or other documents admissible as evidence in proving a criminal conviction. *See* 8 C.F.R. §§ 3.41, 242.16(b) (1995).

as the respondent correctly points out on appeal, section 265.02 is a "divisible" statute which encompasses crimes which do and crimes which do not involve firearms. It contains five subdivisions, the first of which could, but may not necessarily, involve a firearms-related possession violation. Hence, an alien who has been convicted under this statute may not necessarily have been convicted of a firearms violation for purposes of section 241(a)(2)(C) of the Act. Therefore, we must look beyond the statute to consider such facts as may appear from the respondent's record of conviction, or other documents admissible under federal regulations as evidence in proving a criminal conviction, to determine whether the respondent's weapons conviction was for a firearms violation. *See Matter of Esfandiary,* 16 I&N Dec. 659 (BIA 1979); *Matter of Ghunaim,* 15 I&N Dec. 269 (BIA 1975), *modified on other grounds, Matter of Franklin,* 20 I&N Dec. 867 (BIA 1994), *aff'd,* 72 F.3d 571 (8th Cir. 1995); *Matter of Lopez,* 13 I&N Dec. 725 (BIA 1971), *modified on other grounds, Matter of Franklin, supra; Matter of Grazley,* 14 I&N Dec. 330 (BIA 1973); 8 C.F.R. § 3.41 (1995).

The only document offered into the record to prove the respondent's deportability under section 241(a)(2)(C) of the Act was a "Certificate of Disposition," a document issued by the criminal court indicating that the respondent was charged, pled guilty to, and was convicted of criminal possession of a weapon in the third degree. This document is considered to be a part of the respondent's record of conviction, and, therefore, it is within the proper scope of this determination. However, as the respondent points out on appeal, this court document does not refer to the subdivision under which he was actually convicted, nor does it identify the weapon that he was convicted of possessing. Moreover, this Board does not have the benefit of reviewing the respondent's complete record of conviction, which would essentially include the charge, plea, verdict, and sentence, since (as we previously noted) the Certificate of Disposition was the only document that was offered into the record to prove the respondent's deportability under section 241(a)(2)(C) of the Act. *See United States ex rel. Zaffarano v. Corsi,* 63 F.2d 757 (2d Cir. 1933); *Matter of Rodriguez-Cortes, supra; Matter of Short,* 20 I&N Dec. 136 (BIA 1989); *Matter of Mena,* 17 I&N Dec. 38 (BIA 1979); *Matter of Esfandiary, supra; Matter of Ghunaim, supra; Matter of Lopez, supra; Matter of Grazley, supra; see also* 8 C.F.R. § 3.41. Accordingly, without the respondent's complete record of conviction and absent any reference in the Certificate of Disposition to the subdivision under which the respondent was convicted or the weapon that the respondent was convicted of possessing, we do not find that the court document that was offered into the record establishes the respondent's deportability for a firearms violation as required by *Woodby v. INS, supra.*

The Immigration Judge, however, also relied upon the respondent's testimony, detailing the incident underlying his weapons conviction, to find the respondent deportable under section 241(a)(2)(C) of the Act. We agree with

the respondent that the Immigration Judge's reliance on such extrinsic evidence as his testimony was improper.

As this Board and the courts have consistently held in cases addressing the issue of whether an alien is deportable under section 241(a)(2)(A)(i) of the Act for having been convicted of a crime involving moral turpitude, it is the nature of the crime, as defined by statute and interpreted by the courts and as limited and described by the record of conviction, which determines whether an alien falls within the reach of that law. *See Gonzalez-Alvarado v. INS,* 39 F.3d 245 (9th Cir. 1994); *Cabral v. INS,* 15 F.3d 193 (1st Cir. 1994); *Okabe v. INS,* 671 F.2d 863 (5th Cir. 1982); *United States ex rel. Giglio v. Neelly*, 208 F.2d 337 (7th Cir. 1953); *United States ex rel. Guarino v. Uhl*, 107 F.2d 399 (2d Cir. 1939); *Matter of Franklin, supra; Matter of Serna*, 20 I&N Dec. 579 (BIA 1992); *Matter of Short, supra; Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988); *Matter of Khalik*, 17 I&N Dec. 518 (BIA 1980); *Matter of Esfandiary, supra; Matter of McNaughton,* 16 I&N Dec. 569 (BIA 1978).

Since section 241(a)(2)(C), like section 241(a)(2)(A)(i) of the Act, which relates to convictions for crimes involving moral turpitude, mandates a focus on an alien's conviction, rather than his conduct, we believe the same rationale which limits our scope of inquiry to the record of conviction when determining whether an alien has been convicted of a crime involving moral turpitude applies with equal force here. *See, e.g., Cabral v. INS, supra,* at 196 n. 6; *Chiaramonte v. INS*, 626 F.2d 1093 (2d Cir. 1980); *Pino v. Nicolls*, 215 F.2d 237, 245 (1st Cir. 1954), *rev'd on other grounds sub nom. Pino v. Landon,* 349 U.S. 901 (1955).

We will therefore limit our inquiry to the respondent's Certificate of Disposition, despite his testimony that the weapon in his possession at the time of his arrest was a gun, since it is the crime that he *actually* was convicted of rather than a crime that he may have committed which is the determinative issue to be resolved here.

Moreover, the principle of not looking behind a record of conviction provides this Board with the only workable approach in cases where deportability is premised on the existence of a conviction. If we were to allow evidence that is not part of the record of conviction as proof of whether an alien falls within the reach of section 241(a)(2)(C) of the Act, we essentially would be inviting the parties to present any and all evidence bearing on an alien's conduct leading to the conviction, including possibly the arresting officer's testimony or even the testimony of eyewitnesses who may have been at the scene of the crime. Such an endeavor is inconsistent both with the streamlined adjudication that a deportation hearing is intended to provide and with the settled proposition that an Immigration Judge cannot adjudicate guilt or innocence. *See INS v. Lopez-Mendoza,* 468 U.S. 1032, 1038-39 (1984).

If we were to make an exception here and accept the respondent's testimony as proof of his deportability under section 241(a)(2)(C) of the Act,

there would be no clear stopping point where this Board could limit the scope of seemingly dispositive but extrinsic evidence bearing on the respondent's deportability. We believe that the harm to the system induced by the consideration of such extrinsic evidence far outweighs the beneficial effect of allowing it to form the evidentiary basis of a finding of deportability. *See generally Cabral v. INS, supra; Goldeshtein v. INS*, 8 F.3d 645 (9th Cir. 1993); *United States ex rel. Zaffarano v. Corsi, supra; United States ex rel. Robinson v. Day*, 51 F.2d 1022 (2d Cir. 1931).

## V. CONCLUSION

Although the respondent never admitted that he was convicted of a firearms violation, his testimony detailing the conduct underlying his weapons conviction reveals that the weapon in his possession at the time of his arrest was a gun. The only document in evidence, however, which constitutes a part of his "record of conviction" fails to identify the weapon which he was convicted of possessing, the subdivision of the criminal statute that he was convicted under, and the essential elements of the offense which he was convicted of committing. Accordingly, we find that the Service's charge of deportability under section 241(a)(2)(C) of the Act has not been proven in this case. *See Woodby v. INS, supra*. The respondent is, therefore, eligible to apply for the waiver provided for in section 212(c) of the Act and he will be afforded another opportunity to present his claim to such relief. *See Matter of Chow,* 20 I&N Dec. 647 (BIA 1993), *aff'd sub nom. Kin Sang Chow v. INS*, 12 F.3d 34 (5th Cir. 1993); *Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992); *Matter of Rodriguez-Cortes, supra*.

**ORDER:**     The appeal is sustained and the decision of the Immigration Judge is reversed insofar as it finds the respondent deportable under section 241(a)(2)(C) of the Act and ineligible for relief under section 212(c) of the Act.

**FURTHER ORDER:**     The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.