# In re Miguel Angel MARTINEZ-ZAPATA, Respondent

File A94 791 455 - Los Fresnos

*Decided December 19, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Any fact (including a fact contained in a sentence enhancement) that serves to increase the maximum penalty for a crime and that is required to be found by a jury beyond a reasonable doubt, if not admitted by the defendant, is to be treated as an element of the underlying offense, so that a conviction involving the application of such an enhancement is a conviction for the enhanced offense. *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992), superseded.

(2)  The exception under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2000), for an alien convicted of a single offense of simple possession of 30 grams or less of marijuana does not apply to an alien whose conviction was enhanced by virtue of his possession of marijuana in a "drug-free zone," where the enhancement factor increased the maximum penalty for the underlying offense and had to be proved beyond a reasonable doubt to a jury under the law of the convicting jurisdiction. *Matter of Moncada*, 24 I&N Dec. 62 (BIA 2007), clarified.

FOR RESPONDENT:  Jaime M. Diez, Esquire, Brownsville, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Joey L. Caccarozzo, Assistant Chief Counsel

BEFORE:  Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated February 15, 2007, an Immigration Judge found the respondent removable and pretermitted his applications for a waiver under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2000), in conjunction with his application for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (2000). The respondent has appealed from that decision. The  appeal will be dismissed. In adjudicating the appeal, we have reexamined our precedent decision in *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992), and find that it is superseded in light of the decision of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States on April 15, 2006.  The record before the Immigration Judge reflects that on January 12, 2005, the respondent was convicted in Texas by a plea of no contest to possession of less than 2 ounces of marijuana in a drug-free zone.  The respondent's offense was raised from a Class B misdemeanor in violation of section 481.121(b)(1) of the Texas Health and Safety Code to a Class A misdemeanor pursuant to section 481.134(f)(1), because the offense was committed in a drug-free zone.

These proceedings were initiated against the respondent with the issuance of the Notice to Appear on October 25, 2006.  During the proceedings, the Immigration Judge found the respondent removable as charged and pretermitted his application for a waiver of inadmissibility under section 212(h) of the Act in conjunction with his application for adjustment of status. According to the Immigration Judge, the respondent failed to establish his eligibility for a waiver despite the fact that he demonstrated that he was convicted of possession of less than 30 grams of marijuana.  The Immigration Judge specifically found that the respondent's conviction was not for "simple possession" within the meaning of section 212(h) because the offense was committed in a drug-free zone, likening it to the conviction discussed in *Matter of Moncada*, 24 I&N Dec. 62 (BIA 2007).

## II.  ISSUES

On appeal, the respondent contends that the Immigration Judge erred in finding him ineligible for a waiver under section 212(h) of the Act because his conviction is distinguishable from that in *Matter of Moncada*, *supra*.  In that case, we held that the exception under section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2000), for an alien convicted of possessing 30 grams or less of marijuana for his own use did not apply to an alien convicted under a State statute containing an *element* requiring that the offense occur in a prison or other protected location.  We expressly reserved one of the questions presented by this case, namely whether that same result obtains in a situation in which "the above or a similar aggravating aspect of the offense is established by virtue of a statutory penalty enhancement for marijuana possession offenses, rather than . . . being a formal element."  *Matter of Moncada*, *supra*, at 64 n.2.  In that regard, we cited the Supreme Court's decision in *Apprendi v. New Jersey*, *supra*, at 494 n.19, where the Court noted that a sentence enhancement can be the "functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict."

Following *Apprendi*, this case requires us to reexamine our decision in *Matter of Rodriguez-Cortes*, *supra*, in which we held that a sentence enhancement does not create a separate offense, but only imposes additional punishment, and therefore does not constitute a conviction. As explained below, we find that our decision in *Matter of Rodriguez-Cortes* is superseded in light of *Apprendi v. New Jersey*. Consequently, we hold that any fact (including a fact contained in a sentence enhancement) that serves to increase the maximum penalty for a crime to which a defendant is subject and that is required by the law in the convicting jurisdiction to be found beyond a reasonable doubt by a jury, if not admitted by the defendant, is to be treated as an element of the underlying offense. A conviction involving the application of such an enhancement is therefore a "conviction" for the enhanced offense.

## III. ANALYSIS

According to the respondent, his conviction is distinguishable from that in *Matter of Moncada*, *supra*, because the "drug-free zone" aspect of the conviction arises from an enhancement provision in Texas law that did not require *knowledge* of possession in the drug-free zone, but merely the simple fact that the possession occurred in such a protected zone. However, the respondent's argument is misplaced because our decision in *Matter of Moncada* did not require knowledge to be an element of the offense. We held instead that a conviction for possession of 30 grams or less of marijuana under a statute requiring that the offense occur in a prison or other correctional setting did not qualify for the exception to deportability under section 237(a)(2)(B)(i) of the Act because of the aggravating element of the location of the possession offense, e.g., in prison.

The real issue in this case is whether the aggravating factor of possessing the marijuana in a drug-free zone is distinguishable because that aggravating circumstance takes the form under Texas law of a sentence enhancement rather than a formal element of the underlying offense pled to by the respondent. In order to answer this question, we must consider the impact of the recent series of Supreme Court opinions addressing judicial fact-finding when imposing sentences under the United States Constitution as they impact our decision. In 2000, the Supreme Court rendered a landmark decision in modern sentencing law in *Apprendi v. New Jersey*, *supra*. That case involved a challenge to a sentence imposed in a State court by a defendant who was convicted of a firearms violation that carried a prison term of a minimum of 5 to a maximum of 10 years. After the defendant's guilty plea, the State of New Jersey filed a motion to enhance the sentence under the State's hate crime statute, alleging that the defendant committed the offense to intimidate a person or group because of racial animus. After finding by a preponderance

of the evidence that the crime was racially motivated, the sentencing court imposed a 12-year sentence, exceeding the maximum sentence under the statute of conviction by 2 years. In deciding *Apprendi*, the Supreme Court held that the Constitution requires that "[o]ther than the fact of a prior conviction,[1] any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490.

Subsequently, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), invalidating a sentence imposed under Washington's sentencing guidelines system. In that case, the State court sentenced the defendant to a term of imprisonment more than 3 years above the 53-month statutory standard range for his offense based on the court's finding that the defendant had acted with deliberate cruelty. According to the Washington sentencing guidelines at the time, deliberate cruelty was a statutorily enumerated ground for departing from the standard sentencing range, and Washington law required an exceptional sentence to be based on factors other than those used in computing the standard range. Because the defendant had not made admissions supporting the sentencing court's finding of deliberate cruelty, the Supreme Court held that the judicial application of an enhanced range under the Washington guidelines violated the defendant's constitutional right to a jury trial. Importantly, the Supreme Court made this finding despite the fact that the sentence imposed did not exceed the statutory maximum penalty of 10 years. *Id*. at 303-04. But under the State's sentencing laws, the sentence had exceeded "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id*. at 303.

However, not all facts bearing on sentencing are required to be found beyond a reasonable doubt as a result of *Apprendi* and *Blakely*. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made determinations under the United States Sentencing Guidelines advisory, thereby allowing such findings to continue to be made solely by Federal judges under a preponderance of the evidence standard. Further, the States have responded in various ways to *Apprendi* and *Blakely*, such that a careful understanding of specific State law is needed to determine whether a particular sentencing factor, if not admitted during the criminal proceedings, would be

---

[1] The exception for prior convictions is derived from the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

required to be found beyond a reasonable doubt by a jury.[2] *See Matter of Lopez-Amaro*, 20 I&N Dec. 668 (BIA 1993) (distinguishing *Matter of Rodriguez-Cortes*, *supra*, and finding that the simple fact that a State statute is an "enhancement" does not mean that it functions to exculpate an alien from having been convicted of the enhancement factor where the State law required the enhancement factor to be charged and proven to the jury).

In light of the foregoing, we now turn to the question whether the sentencing enhancement in this case qualifies as an "element" of the respondent's offense such that he has been "convicted" of possession of marijuana in a drug-free zone. Section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A) (2000), defines the term "conviction" to mean

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>     (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>     (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

As previously noted, the respondent was convicted of the offense of possession of 2 ounces or less of marijuana in a drug-free zone. This arose as a combination of his violation of Texas Health and Safety Code section 481.121(b)(1), a Class B misdemeanor, and the separate statutory "drug-free zone" enhancement. According to section 481.121(a), "a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana," and is guilty of a Class B misdemeanor under section 481.121(b)(1) "if the amount of marihuana possessed is two ounces or less." The respondent's conviction under 481.121(b)(1) was enhanced to a Class A misdemeanor under Texas Health and Safety Code section 481.134(f)(1), which provides, in pertinent part, as follows:

> An offense otherwise punishable under Section . . . 481.121(b)(1) is a Class A misdemeanor if it is shown on the trial of the offense that it was committed:
>     (1) in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board or the premises of a public or private youth center
>     . . . .

The enhancement in this case subjected the respondent to an increased punishment beyond the maximum allowed for a conviction under section

---

[2] *Apprendi v. New Jersey*, *supra*, and its progeny focus on admissions by the defendant or findings by a jury beyond a reasonable doubt. Offenses carrying maximum sentences of 6 months or less, however, are not required to be tried before a jury. *See Lewis v. United States*, 518 U.S. 322 (1996).

481.121(b)(1).[3]  According to Texas law in the wake of *Apprendi*, the "drug-free zone" factor under section 481.134(f), if it is not admitted by the defendant in the criminal case, must be found by a jury beyond a reasonable doubt.[4]  *See Harris v. State*, 125 S.W.3d 45 (Tex. App. 2003).  Further, Texas is a jury-sentencing State, so the drug-free zone factor was required to be submitted to the jury, absent admission by the defendant.  *See id.*

Under these circumstances, we conclude that the drug-free zone factor in this case constitutes the equivalent of an "element" of the respondent's offense for removal purposes, in accordance with *Apprendi* and its progeny.  Under Texas law, it increased the maximum punishment that the respondent could receive beyond that which would be authorized solely by a finding of possession of no more than 2 ounces of marijuana.  Further, Texas law gave the respondent the right to a jury determination on this issue, and, by virtue of *Apprendi*, the prosecution was required to prove it to the jury beyond a reasonable doubt.

Moreover, because the drug-free zone factor is properly treated as an element of the respondent's offense, we conclude that the respondent has been convicted of possession of marijuana in a drug-free zone, here a school-zone, in accordance with section 101(a)(48)(A) of the Act.  Consequently, our decision in *Matter of Rodriguez-Cortes*, *supra*, is superseded with respect to any post-*Apprendi* sentencing factor that is shown to have been found in accordance with the criminal law protections of a jury trial and burden of proof afforded a defendant in relation to the elements of an offense.[5]

Our decision in *Matter of Rodriguez-Cortes*, *supra*, comported with the common understanding of the law as it existed at the time, and its holding on the facts would remain the same in retrospect even under the rule set forth in this case because of the structure of the sentencing scheme at issue in that case. The holding in *Matter of Rodriguez-Cortes* also continues to apply in pre-*Apprendi* sentencing determinations.  However, in the aftermath of

---

[3] According to section 12.22 of the Texas Penal Code, a Class B misdemeanor in Texas is punishable by (1) a fine not to exceed $2,000; (2) confinement in jail for a term not to exceed 180 days; or (3) both such fine and confinement.  Under section 12.21 of the Penal Code, a Class A misdemeanor in Texas is punishable by (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed 1 year; or (3) both such fine and confinement.

[4] Compare section 481.134(c) of the Texas Health and Safety Code, which is not subject to *Apprendi* in accordance with *Harris v. United States*, 536 U.S. 545 (2002), because it merely increases the statutory minimum sentence but does not exceed the statutory maximum sentence.  *See Williams v. State*, 127 S.W.3d 442, 445 (Tex. App. 2004) (finding that section 481.134(c) does not create a separate offense because its only effect is to raise the penalty when an enumerated offense is committed in a designated place); *see also Uribe v. State*, 573 S.W.2d 819 (Tex. Crim. App. 1978).

[5] The respondent makes no claim that he was not afforded due process of law in connection with his "drug-free zone" enhancement.

*Apprendi* and its progeny, the holding in *Matter of Rodriguez-Cortes* is superseded by the new rule applied in this case. Importantly, we point out that *Apprendi* and its progeny do not encompass all sentence enhancements; the *Apprendi* analysis will not result in all sentence enhancements being the equivalent of "elements" of an offense. Rather, those post-*Apprendi* enhancements that may still permissibly be found by a preponderance of the evidence by a sentencing judge, including those under the United States Sentencing Guidelines and many State sentencing schemes, will not be the equivalent of an "element" of an offense. *See*, *e.g.*, *Cunningham v. California*, 127 S. Ct. 856 (2007); *Blakely v. Washington*, *supra*; *Ring v. Arizona*, 536 U.S. 584 (2002). It is crucial that an examination of the specific statutory sentencing scheme be conducted in order to make the determination. To equate to an element it must be shown that, under the law of the convicting jurisdiction, a sentencing factor had to be proved to a jury beyond a reasonable doubt if it was not admitted by the defendant.[6]

In sum, because the sentence enhancement in this case serves as the functional equivalent of an offense element for constitutional purposes under *Apprendi v. New Jersey*, *supra*, we see no reason to distinguish between instances in which an offense involving possession for one's own use of a small quantity of marijuana is elevated to a higher penalty level because of a formal element in the statute of conviction relating to the location where the possession takes place and situations where the increased penalty level is the result of a similar protected location provision in the form of a sentence enhancement. The respondent's conviction for possession of marijuana, based on an enhancement for possession in a drug-free zone, to which he pleaded nolo contendere and was found guilty beyond a reasonable doubt, must be treated as a conviction in the same manner as if the statute contained such enhancement as a formal element. If the respondent had contested the "drug-free zone" aspect, *Apprendi* and *Harris v. State*, *supra*, would have required submission of that issue to a jury to be decided beyond a reasonable doubt.

## IV. CONCLUSION

We find that *Matter of Rodriguez-Cortes*, *supra*, has been overtaken by legal developments and is superseded in cases involving sentencing determinations

---

[6] Thus, we will treat as an element any such factor where the convicting jurisdiction's law requires proof beyond a reasonable doubt to a jury, even if, under *Apprendi*, a State need not have required proof by that standard. We have no occasion here to decide whether we would treat as an element any such factor required by the convicting jurisdiction to be proved beyond a reasonable doubt to a court rather than a jury. *See Harris v. United States*, *supra*; *see also Matter of Eslamizar*, 23 I&N Dec. 684 (BIA 2004).

made subsequent to the Supreme Court's decision in *Apprendi v. New Jersey*, *supra*. We agree with the Immigration Judge that *Matter of Moncada*, *supra*, applies in this case and that the respondent was not convicted of a "simple possession"offense within the meaning of section 212(h) of the Act because the offense was committed in a drug-free zone. We therefore concur with the Immigration Judge that the respondent is not eligible for a waiver under section 212(h) as a result of his conviction. Without a waiver, the respondent is not eligible for adjustment of status because he is not admissible to the United States. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.