**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICARDO OLIVAN-DUENAS,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 10-9517
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior
Circuit Judge.

    Petitioner Ricardo Olivan-Duenas, a native of Mexico, challenges the

Board of Immigration Appeals' (BIA's) decision affirming the ruling of an

immigration judge (IJ) that he is ineligible for adjustment of status and not

entitled to a waiver of inadmissibility. We deny the petition.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

In 1991, when Olivan-Duenas was an infant, he and his mother entered this country illegally. In 2008, at the age of eighteen, he was arrested and charged in Utah County, Utah, with possessing less than one ounce of marijuana within 1,000 feet of a church, a drug-free zone. *See* Utah Code Ann. § 58-37-8(2)(a)(i) & (4)(a)(ix). The charge was accompanied by a street-gang enhancement. *See id.* § 76-3-203.1. Ultimately, the state dismissed the gang enhancement, and Olivan-Duenas pleaded guilty to possession in a drug-free zone. Because this was Olivan-Duenas's first possession conviction, it would ordinarily have been only a class B misdemeanor. *See* Utah Code Ann. § 58-37-8(2)(d). But since the possession occurred within a drug-free zone, the conviction was elevated to a class A misdemeanor. *See* Utah Code Ann. § 58-37-8(4)(c). The state court sentenced Olivan-Duenas to 365 days in jail, but suspended 320 of those days, and placed him on probation.

Two months after his conviction, the U.S. Department of Homeland Security charged Olivan-Duenas with being a removable alien. He conceded removability, but sought adjustment of status to lawful permanent resident. An IJ held a hearing and concluded that Olivan-Duenas's status could not be adjusted because of his conviction. The IJ noted that 8 U.S.C. § 1182(h) waives the conviction "insofar as it relates to a single offense of simple possession of 30 grams [1.05821 ounces] or less of marijuana" if certain other conditions, such as

-2-

extreme hardship, exist.  But the IJ determined that waiver was precluded by *In re Martinez-Zapata*, 24 I. & N. Dec. 424, 431 (BIA 2007), where the BIA held that a Texas conviction for possessing marijuana in a drug-free zone was not "simple possession" that would qualify for a § 1182(h) waiver.  Consequently, the IJ ordered Olivan-Duenas removed to Mexico.

The BIA affirmed, holding that *In re Martinez-Zapata* governed.

## DISCUSSION

When, as in this case, "a single member of the BIA [has] issue[d] a brief order affirming an IJ's decision, [we] review[ ] both the decision of the BIA and any parts of the IJ's decision relied on by the BIA in reaching its conclusion." *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010) (quotation omitted). "We review the BIA's legal determinations de novo and its findings of fact for substantial evidence." *Id.*

As noted above, the BIA has determined that possessing marijuana in a drug-free zone does not relate to "simple possession . . . of marijuana," 8 U.S.C. § 1182(h), and therefore, it is not a waivable offense.  *In re Martinez-Zapata*, 24 I. & N. Dec. at 431.  The BIA reasoned that because the drug-free-zone enhancement had to be decided by a jury beyond a reasonable doubt, it was the "functional equivalent" of an element of the possession crime.  *Id.* at 430.  Thus, with that added element, the crime was no longer "simple possession." *Id.* at 431.

-3-

Under *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984), we must defer to the BIA's determination if "(1) the statute is ambiguous or silent as to the issue at hand and (2) the agency's interpretation is neither arbitrary, capricious, nor manifestly contrary to the statute." *Carpio v. Holder*, 592 F.3d 1091, 1096 (10th Cir. 2010) (quotation and alteration omitted). "Indeed, judicial deference to the Executive Branch is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations." *Niang v. Gonzales*, 422 F.3d 1187, 1196-97 (10th Cir. 2005) (quotation omitted).

Olivan-Duenas appears to concede that the statutory language waiving a conviction that "relates to a single offense of simple possession of . . . marijuana" is ambiguous or silent when it comes to a conviction for possessing marijuana in a drug-free zone. In any event, as the waiver statute does not define the term "simple possession" or otherwise indicate whether possession in a drug-free zone constitutes "simple possession," we conclude that the meaning of the term was open to interpretation by the BIA. Consequently, Olivan-Duenas must show that the interpretation is arbitrary, capricious, or manifestly contrary to the statute. *See Carpio*, 592 F.3d at 1096.

Olivan-Duenas contends that the statutory language is much broader than the BIA recognizes because the conviction must only "relate" to simple possession, it does not have *be* simple possession. He asserts that the Supreme

-4-

Court's broad interpretation of the words "relating to" in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992), precludes the BIA from employing a more narrow definition. But *Morales* involved the Airline Deregulation Act of 1978 and its preemptive effect on state consumer-protection laws. It is, therefore, inapposite in the immigration context.[1]

We conclude that the BIA's reading of the waiver statute, 8 U.S.C. § 1182(h), to not include convictions for marijuana possession in a drug-free zone is a reasonable and permissible interpretation of the statute. Such a conviction could logically be viewed as not relating to "simple possession" on the basis that the location of the crime is a sufficiently distinguishing or aggravating criminal element. *See* Black's Law Dictionary 1509 (9th ed. 2009) (defining "simple" in the criminal-law context as "not accompanied by aggravating circumstances"). Indeed, the Utah courts view the drug-free-zone fact as an element that enhances the underlying offense and that must be proved beyond a reasonable doubt if not admitted by the defendant. *State v. Davis*, 155 P.3d 909, 912 (Utah Ct. App. 2007).

Olivan-Duenas suggests that the BIA recently rejected *In re Martinez-Zapata* by concluding that a conviction for possessing drug

---

[1]    Even when a Supreme Court decision conflicts with an agency's subsequent decision over the meaning of the *same* statute, we must still defer to the agency's decision, so long as it is reasonable and constitutional. *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242 (10th Cir. 2008).

paraphernalia can relate to a single offense of simple marijuana possession for purposes of a § 1182(h) waiver. *See In re Espinoza*, 25 I. & N. Dec. 118 (BIA 2009). In fact, the opposite is true. While the BIA did observe that the § 1182(h) language would not eliminate a waiver for offenses that are "a mere adjunct to" simple possession, like certain instances of possessing drug paraphernalia, *id.* at 123, a waiver would be unavailable if the crime's "elements . . . make it substantially more serious than 'simple possession,'" *id.* at 125. "For example, possessing marijuana in a prison or near a school [i.e., drug-free zones] may relate to marijuana possession, but such offenses do not relate to *simple* possession because they are inherently more serious than the basic crime." *Id.* at 125. Thus, *In re Espinoza* completely supports *In re Martinez-Zapata*'s holding that possessing marijuana in a drug-free zone does not relate to simple possession of marijuana.[2]

Olivan-Duenas also contends that the BIA's narrow interpretation of the § 1182(h) waiver language is inconsistent with its interpretation of similar language in statutes like 8 U.S.C. § 1227(a)(2)(A)(iii), which renders aggravated

---

[2]     Olivan-Duenas also claims that *In re Martinez-Zapata* is undermined by *Escobar Barraza v. Mukasey*, 519 F.3d 388 (7th Cir. 2008). But there, the Seventh Circuit simply held that possessing drug paraphernalia can relate to marijuana possession. *Id.* at 392-93. The court did not purport to address when a criminal offense relates to *simple* possession, other than to surmise that distribution offenses would not. Further, the BIA's reasonable interpretation of unclear or ambiguous immigration statutes trumps contrary judicial interpretations. *See Chevron*, 467 U.S. at 845.

felons removable. He states that the BIA "is willing to give an expansive definition to the phrase 'related to' . . . when it means bringing more crimes under the ambit of the [removability statutes]," but it then contracts the reach of the "related to" language when it comes to determining which crimes qualify for a waiver. Aplt. Br. at 33. But far from exhibiting inconsistency, the BIA's approach uniformly treats criminality as a presumptive disqualifier under the immigration statutes.

The BIA's interpretation of § 1182(h)'s waiver for "a single offense of simple possession of . . . marijuana" as not including drug-free-zone-enhanced possession crimes is not arbitrary, capricious, or manifestly contrary to the statute.

## CONCLUSION

The petition for review is DENIED.

Entered for the Court


Bobby R. Baldock
Circuit Judge