[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10206
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

Agency No. A024-668-747

FERNANDO JOSE GONZALEZ BLANDON,

Petitioner,

versus

UNITED STATES OF AMERICA,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 7, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Fernando Jose Gonzalez Blandon seeks review of the Board of Immigration

Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his applications for adjustment of status under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub. L. No. 105-100, § 202, 111 Stat. 2160, 2193 (1997); asylum under the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c).

We must first determine whether we have jurisdiction to review the BIA's denial of Gonzalez Blandon's application for adjustment of status under NACARA. Gonzalez Blandon also raises four additional claims: (1) the BIA applied the wrong burdens of proof; (2) the BIA erroneously sustained the charge that Gonzalez Blandon was subject to removal under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i); (3) Gonzalez Blandon is statutorily eligible for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h) ("§ 212(h) waiver"); and (4) the BIA erroneously denied his applications for asylum, withholding of removal, and CAT relief.

## I. DISCUSSION

### A. Jurisdiction

We first examine our jurisdiction over Gonzalez Blandon's claims. "We

2

review subject matter jurisdiction *de novo*." *Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1280 (11th Cir. 2007). Although we lack jurisdiction to review a final decision on an application for an adjustment of status under NACARA, we retain jurisdiction to consider substantial constitutional claims related to such an application. *Id.* at 1280-81. "A 'substantial' constitutional challenge is one that has merit." *Id.* at 1280 n.5. We also lack jurisdiction to review the denial of a § 212(h) waiver of inadmissibility. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). However, "we retain jurisdiction to determine whether the statutory conditions for limiting judicial review exist." *Vuksanovic v. U.S. Att'y Gen.*, 439 F.3d 1308, 1310 (11th Cir. 2006). Additionally, we retain jurisdiction to review "constitutional claims and questions of law" relating to a denial of a § 212(h) waiver. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Whether the correct legal standards were applied is a question of law. *Frech*, 491 F.3d at 1281. Like review of a decision under NACARA, under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), we only retain jurisdiction to consider substantial constitutional claims in a petition for review of the denial of a § 212(h) waiver. *Alvarez-Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 (11th Cir. 2008).

A due process claim only has merit if the alien has been substantially prejudiced. *Ibrahim v. U.S. INS*, 821 F.2d 1547, 1550 (11th Cir. 1987). An alien

3

cannot show substantial prejudice based on the denial of discretionary relief "because no standards exist for a court to determine whether the executive would have granted the extraordinary relief anyway." *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146, 1148 (11th Cir. 1999) (holding that even if the appellant received ineffective assistance of counsel, there was no due process violation because there was no way to know whether the discretionary relief would have been granted but for the ineffective assistance).

A court may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." INA § 242, 8 U.S.C. § 1252(d)(1). The petitioner must administratively exhaust his arguments by raising them before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We lack jurisdiction to consider unexhausted procedural due process claims. *Id.* at 1251.

First, we have jurisdiction to consider whether the BIA applied the correct burdens of proof because whether the correct legal standards were applied is a question of law. *See Frech*, 491 F.3d at 1281. Second, we have jurisdiction to consider whether the BIA erroneously sustained the government's charge that Gonzalez Blandon was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), because this issue does not concern his application for an

4

adjustment of status, nor does it concern his application for discretionary relief. Third, we have jurisdiction to consider whether Gonzalez Blandon is statutorily eligible for a § 212(h) waiver. *See Vuksanovic*, 439 F.3d at 1310. Fourth, we do not have jurisdiction to consider Gonzalez Blandon's due process arguments because he did not exhaust these procedural due process claims and because they are meritless. Gonzalez Blandon cannot show substantial prejudice because there are no standards for us to determine whether he would have been granted the discretionary relief. *See Mejia Rodriguez*, 178 F.3d at 1148 (11th Cir. 1999). Accordingly, we dismiss Gonzalez Blandon's petition for review as to his due process arguments.

B. Burden of Proof

On appeal, Gonzalez Blandon argues that the BIA and IJ erred by not requiring the Government to prove by clear, unequivocal, and convincing evidence that he was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i). Gonzalez Blandon denied that he was removable under this section before both the IJ and the BIA, and, he argues, the Government should have been required to prove that he was removable under this section even though he had already conceded that he was removable under another section of the INA,

specifically INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). Gonzalez Blandon asserts that only after the Government proved that he was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) should the burden of proof switch to him to show that he was eligible for the § 212(h) waiver.

We review questions of law *de novo*. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). The government bears the burden of proving that the alien is removable by clear and convincing evidence. INA § 240(c)(3)(A); 8 U.S.C. § 1229a(c)(3)(A). However, once that burden is established, the alien bears the burden of establishing that: (1) he meets the eligibility requirements for the relief sought; and (2) if he seeks discretionary relief, he "merits a favorable exercise of discretion." *Id.* § 240(c)(4)(A); 8 U.S.C. § 1229a(c)(4)(A). An alien may only receive an adjustment of status under NACARA if he is "otherwise admissible to the United States." Pub. L. No. 105-100, § 202(a)(1)(B), 111 Stat. 2160, 2193 (1997). An alien seeking admission must establish that he "is clearly and beyond doubt entitled to be admitted and is not inadmissible under" INA § 212, 8 U.S.C. § 1182. *Id.* § 240(c)(2)(A), 8 U.S.C. § 1229a(c)(2)(A).

The BIA applied the correct burdens of proof in this case. The BIA found that Gonzalez Blandon was removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), because he conceded that he was removable under this section.

6

Only then did the BIA place a burden of proof on Gonzalez Blandon.  Specifically, the BIA then required him to show that his conviction for the introduction of contraband into a penal institution did not render him inadmissible.  This burden of proof is consistent with INA § 240, 8 U.S.C. § 1229a, which requires an alien seeking admissibility to prove "clearly and beyond a doubt [that he] is not inadmissible under" INA § 212, 8 U.S.C. § 1182.  INA § 240(c)(2)(A), 8 U.S.C. § 1229a(c)(2)(A).

C.  Removal under INA § 237(a)(2)(B)(I),  8 U.S.C. § 1227(a)(2)(B)(i)

Next, Gonzalez Blandon argues that the BIA and IJ erred in sustaining the charge of removability under INA § 237(a)(2)(B)(I),  8 U.S.C. § 1227(a)(2)(B)(i). The Government had relied upon Gonzalez Blandon's conviction report, but, he asserts, this report does not establish that the contraband at issue in that conviction was related to a controlled substance, other than marijuana for his personal use.

Gonzalez Blandon's argument that the BIA erroneously sustained the charge of removability under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) is belied by the record, which shows that the BIA simply did not consider this charge because Gonzalez Blandon conceded that he was subject to removal under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

7

D. Waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182

Gonzalez Blandon next asserts that the BIA and IJ erred when they failed to consider his application for a § 212(h) waiver of inadmissibility. He contends that he was statutorily eligible for the § 212(h) waiver because his convictions did not render him ineligible. He also asserts that he did not need to prove that he was eligible for a § 212(h) wavier because the Government did not prove that he was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i). If, however, this Court requires him to prove eligibility, he asserts that his testimony shows that he qualifies for this relief.

An "alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" a violation of law relating to a controlled substance is inadmissible. INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Attorney General may exercise his discretion and grant such an alien a waiver of inadmissibility if the controlled substance violation related "to a single offense of simple possession of 30 grams or less of marijuana." *Id.* § 212(h), 8 U.S.C. § 1182(h). Under Florida law, it is illegal to introduce, "take or attempt to take or send or attempt to send therefrom," a number of items, including controlled substances, into a state correctional institution. Fla.

8

Stat. § 944.47(1)(a). It is also unlawful for inmates to possess controlled substances in a state correctional institution. *Id.* § 944.47(1)(c).

Gonzalez Blandon did not establish that he was not inadmissible under INA § 212, 8 U.S.C. § 1182, because he has been convicted of introducing contraband, which he testified was marijuana, into a penal institution. *See* INA § 240(c)(2)(A), 8 U.S.C. § 1229a(c)(2)(A). To be statutorily eligible for a waiver under § 212(h), Gonzalez Blandon would have had to establish that this violation involved 30 grams or less of marijuana and that it was an offense of simple possession. INA § 212(h), 8 U.S.C. § 1182(h). However, Gonzalez Blandon testified that he did more than merely possess the marijuana, as prohibited by Fla. Stat. § 944.47(1)(c). Rather, he testified that he brought a package of marijuana inside his prison, as prohibited by Fla. Stat. § 944.47(1)(a).

E. Asylum, Withholding of Removal or CAT relief

Finally, Gonzalez Blandon contends that he is eligible for asylum because he has a well-founded fear of future persecution based on his political opinion and membership in a social group. The BIA found that he had subjective fear of future persecution but determined that it was not objectively reasonable. Gonzalez Blandon contends that court erred because his fear was objectively reasonable,

9

based on his family being part of Somoza's regime, and when that regime fell, its members were at risk for being arrested, tortured, and killed. He also points to a pattern or practice of persecution, as shown by the fact that some of his family members were granted asylum and the fact that one of his brothers was arrested and threatened by the Sandinistas. He contends that he is eligible for withholding of removal and CAT relief for the same reasons.

We lack jurisdiction to consider arguments that an alien failed to administratively exhaust before the BIA, even if the BIA considered those arguments *sua sponte*. *Amaya-Artunduaga*, 463 F.3d at 1250-51.

We review the BIA's legal conclusions *de novo*. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). The BIA's factual findings are reviewed under the "highly deferential" substantial evidence test, and we will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). We will only reverse "when the record compels a reversal." *Id.* (quotation omitted).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). To be eligible for asylum, the applicant must prove that he is a "refugee" within the meaning of the INA. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). To establish asylum eligibility, the

alien must, with specific and credible evidence, establish: (1) past persecution on account of a statutorily listed factor; or (2) a "well-founded fear" that the statutorily listed factor, in this case political opinion or membership in a particular social group, will cause such future persecution. 8 C.F.R. § 208.13(a), (b). In establishing a well-founded fear of future persecution, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution." *Al Najjar*, 257 F.3d at 1287 (quotations omitted). The alien must demonstrate that his fear "is subjectively genuine and objectively reasonable." *Id.* at 1289. An alien's fear is objectively reasonable if he "has a good reason to fear future persecution." *Id.* (quotation omitted).

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, he would "more likely than not . . . be persecuted or tortured" based upon a statutorily listed factor. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (quotation omitted). "This is a more stringent standard than for asylum," and an alien who is unable to establish that he is eligible for asylum "is generally precluded from qualifying" for withholding of removal. *Id.* at 1232-33.

Substantial evidence supports the BIA's finding that Gonzalez Blandon was not eligible for asylum. There was no evidence of past persecution, and there is

11

"reasonable, substantial, and probative evidence" that Gonzalez Blandon did not have an objectively reasonable, well-founded fear of future persecution. *Al Najjar*, 257 F.3d at 1284 (quotation omitted). Gonzalez Blandon testified that he was not aware of any person or group in Nicaragua that would seek to harm him if he returned to the country, and his mother testified that she had returned to Nicaragua twice in the four years prior to the hearing. Based on this testimony, the BIA reasonably found that Gonzalez Blandon had not established that he had an objectively reasonable, well-founded fear of future persecution.

Next, because Gonzalez Blandon is unable to establish that he was eligible for asylum, he is unable to meet the "more stringent standard" for withholding of removal that he would "more likely than not . . . be persecuted or tortured" if he returned to Nicaragua. *Sepulveda*, 401 F.3d at 1232-33. Finally, we do not have jurisdiction to consider Gonzalez Blandon's claim that he is eligible for CAT relief because he failed to exhaust this claim by not raising it before the BIA. *See Amaya-Artunduaga*, 463 F.3d at 1250. It is of no moment that the BIA considered this claim *sua sponte*. *See id.* at 1250-51.

Based on the above, we deny Gonzalez Blandon's petition for review as to his claims that: (1) the BIA applied the wrong burdens of proof; (2) the BIA erroneously sustained the charge of removability under INA § 237(a)(2)(B)(i), 8

12

U.S.C. § 1227(a)(2)(B)(i); (3) he was statutorily eligible for a § 212(h) waiver; (4) the BIA erroneously found him ineligible for asylum; and (5) the BIA erroneously found him ineligible for withholding of removal. We dismiss Gonzalez Blandon's petition for review as to his due process claims and as to his claim that the BIA erroneously found him ineligible for CAT relief.

**PETITION DENIED IN PART, DISMISSED IN PART.**