# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2192

_____

Andrei Popescu-Mateffy,                  *

                                    *

          Petitioner,           *

                                    *   Petition for Review of a Final

     v.                          *   Decision of the Board of

                                    *   Immigration Appeals.

Eric H. Holder, Jr., Attorney General  *

of the United States of America,      *      [PUBLISHED]

                                    *

          Respondent.         *

_____

Submitted: February 13, 2012
Filed: May 2, 2012

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Andrei Popescu-Mateffy petitions for review of an order of the Board of Immigration Appeals (BIA or "Board") determining that Popescu-Mateffy's state conviction for possession of drug paraphernalia in a motor vehicle renders him ineligible for waiver of inadmissibility under Immigration and Nationality Act (INA) § 212(h), 8 U.S.C. § 1182(h). We deny the petition.

## I. *Background*

Popescu-Mateffy, a native and citizen of Romania, was admitted to the United States on August 22, 2005, as a nonimmigrant, temporary skilled worker. Although

he was authorized to remain in the United States for a period not to exceed November 30, 2005, Popescu-Mateffy remained in the United States beyond that date without authorization. Additionally, he was employed as a commercial truck driver for Proactive Transportation, Inc. without the authorization of the Department of Homeland Security (DHS). He married a United States citizen in February 2007.

On April 16, 2007, Popescu-Mateffy, while driving a tractor-trailer for his employer, was pulled over by a South Dakota Highway Patrol officer. After observing Popescu-Mateffy, the officer arrested him for driving under the influence. The officer found a pipe and approximately .25 ounces—approximately seven grams—of marijuana in the tractor-trailer's cab.

On May 22, 2007, Popescu-Mateffy pleaded guilty in the Circuit Court of Lyman County, South Dakota, to, *inter alia*, possession of drug paraphernalia in a motor vehicle, in violation of South Dakota Codified Laws § 22-42A-3.[1] The court ordered Popescu-Mateffy to pay a fine of $200 and serve 30 days in jail, 22 days of which were suspended. The court also revoked Popescu-Mateffy's driving privileges for 90 days. *See* S.D. Codified Laws § 23-32-12-52.3 ("Upon a first conviction or a first adjudication of delinquency for any violation, while in a vehicle, of §§ 22-42-5 to 22-42-9, inclusive, 22-42A-3, or 22-42A-4, the court shall revoke the driver license or driving privilege of the driver so convicted for a period of ninety days.").

---

[1]Section 22-42A-3 provides:

No person, knowing the drug related nature of the object, may use or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body any controlled substance or marijuana in violation of this chapter. Any person who violates any provision of this section is guilty of a Class 2 misdemeanor.

After Popescu-Mateffy's arrest, DHS issued a Notice to Appear to Popescu-Mateffy, charging him as removable from the United States based on violations of two provisions: (1) INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as having remained in the United States for a time longer than permitted, and (2) INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i), as having failed to maintain nonimmigrant status or comply with the conditions of that status. Popescu-Mateffy appeared before the immigration judge (IJ) and conceded removability with respect to both charges in the Notice to Appear.

For relief from removal, Popescu-Mateffy applied for adjustment of status. His spouse filed an immigrant visa petition on his behalf, which the IJ approved. But Popescu-Mateffy's conviction for possession of drug paraphernalia in a motor vehicle was a controlled substance violation that rendered him inadmissible—and thus ineligible for adjustment of status—pursuant to INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). As a result, Popescu-Mateffy also applied for waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). Section 212(h) of the INA provides that the Attorney General has discretion to waive inadmissibility for a controlled-substance violation if, among other requirements, the inadmissibility "relates to a single offense of simple possession of 30 grams or less of marijuana."

The IJ determined that Popescu-Mateffy's conviction for possession of drug paraphernalia did not bar him from § 212(h) relief because it related to 30 grams or less of marijuana. The IJ noted that "the drug paraphernalia that [Popescu-Mateffy] was convicted of possessing was a pipe" and that Popescu-Mateffy "was found with .25 ounces or a little over 7 grams of marijuana. The pipe also contained marijuana residue." The IJ "f[ound] that [Popescu-Mateffy's] conviction for possession of drug paraphernalia relates to a 'single offense of simple possession of 30 grams or less of marijuana,' making [him] . . . eligible for INA § 212(h) waiver." The IJ granted Popescu-Mateffy's applications for adjustment of status and waiver of inadmissibility.

DHS appealed the IJ's decision to the BIA. A single member[2] of the BIA sustained DHS's appeal and ordered Popescu-Mateffy removed from the United States. The BIA explained that after the IJ's decision,

> the Board decided *Matter of Espinoza*, 25 I&N Dec. 118 (BIA 2009), finding that an alien who is inadmissible based on a drug paraphernalia offense may qualify for a waiver of inadmissibility under section 212(h) of the Act if that offense "relates to a single offense of simple possession of 30 grams or less of marijuana." *See id*. However, the Board noted several caveats to its finding in *Espinoza*.

According to the BIA, the first "caveat" under *Espinoza* is that an offense is not related to a single offense of simple possession of 30 grams or less of marijuana "if it contains elements that make it substantially more serious than 'simple possession.'" "For example, possessing marijuana in a prison or near a school may relate to marijuana possession, but such offenses do not relate to simple possession because they are inherently more serious than the basic crime." (Citing *Espinoza*, 25 I&N Dec. at 125.) The second "caveat" is that "removal proceedings are not a venue for the relitigation of criminal prosecutions." (Citing *Espinoza*, 25 I&N Dec. at 125.) The BIA explained that "[i]f the fact of conviction is sufficient to show that an alien committed actions in addition to (or more culpable than) a single offense of simple possession of a small

---

[2]Section 1003.1(e)(5) of 8 C.F.R. provides, in relevant part:

A single Board member may reverse the decision under review if such reversal is plainly consistent with and required by intervening Board or judicial precedent, by an intervening Act of Congress, or by an intervening final regulation. A motion to reconsider or to reopen a decision that was rendered by a single Board member may be adjudicated by that Board member unless the case is reassigned to a three-member panel as provided under the standards of the case management plan.

amount of marijuana, then the inquiry is at an end, and section 212(h) relief is unavailable."

Applying *Espinoza* to the present case, the BIA found that Popescu-Mateffy was ineligible for waiver under § 212(h), meaning that he was not eligible for adjustment of status. The BIA explained that Popescu-Mateffy "plead[ed] guilty to possession of drug paraphernalia in a motor vehicle" and that South Dakota Codified Laws § 32-12-52.3 "provides for the enhanced penalty of revocation of a driver's license if the predicate offense occurred in a motor vehicle. The BIA found that "[t]his penalty enhancement, the fact of which was admitted by [Popescu-Mateffy], removes [Popescu-Mateffy] from the purview of section 212(h) of the Act."

## II. *Discussion*

Popescu-Mateffy seeks review of the BIA's order determining that he is ineligible for waiver of inadmissibility under INA § 212(h). He contends that because he was found with just seven grams of marijuana, the possession-of-drug-paraphernalia offense "relates to a single offen[s]e of 30 grams or less of marijuana[,] making him eligible for . . . waiver relief pursuant to § 212(h) of the INA."

"Where, as here, the BIA issues an independent decision without adopting the IJ's conclusions, we review only the BIA decision." *Constanza v. Holder*, 647 F.3d 749, 753 (8th Cir. 2011) (per curiam). "We review the BIA's legal determinations de novo, giving substantial deference to its interpretation of statutes and regulations." *Id*.

> Under *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), we must defer to the BIA's determination if "(1) the statute is ambiguous or silent as to the issue at hand and (2) the agency's interpretation is neither arbitrary, capricious, nor manifestly contrary to the statute."

-5-

*Olivan-Duenas v. Holder*, 416 F. App'x 678, 679 (10th Cir. 2011) (unpublished order and judgment) (quoting *Carpio v. Holder*, 592 F.3d 1091, 1096 (10th Cir. 2010)). "'[I]n the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations,'" our exercise of "'judicial deference to the Executive Branch is especially appropriate.'" *Id*. (quoting *Niang v. Gonzales*, 422 F.3d 1187, 1196–97 (10th Cir. 2005)).

> An "alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" a violation of law relating to a controlled substance is inadmissible. INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Attorney General may exercise his discretion and grant such an alien a waiver of inadmissibility if the controlled substance violation related "to a single offense of simple possession of 30 grams or less of marijuana." *Id*. § 212(h), 8 U.S.C. § 1182(h).

*Blandon v. United States*, 444 F. App'x 319, 324 (11th Cir. 2011) (unpublished per curiam).

Because "the waiver statute does not define the term 'simple possession' . . . ,we conclude that the meaning of the term was open to interpretation by the BIA." *Olivan-Duenas*, 416 F. App'x at 679–80. As a result, Popescu-Mateffy "must show that the interpretation is arbitrary, capricious, or manifestly contrary to the statute." *Id*. at 680.

In *Espinoza*, the BIA interpreted the § 212(h) inadmissibility waiver with respect to possession-of-drug-paraphernalia offenses. According to the BIA, "while the language of section 212(h) likely encompasses *some* offenses involving possession of drug paraphernalia, it does not encompass *all* such offenses." 25 I&N Dec. at 123. Because the BIA found that "the scope of section 212(h) [was] uncertain as it relates to drug paraphernalia offenses, [it had to] resolve the uncertainty in a reasonable manner." *Id*.

Relying on *Nijhawan v. Holder*, 557 U.S. 29 (2009), the BIA concluded that the term "offense" used in § 212(h) "refer[s] to the specific unlawful acts that made the alien inadmissible, rather than to any generic crime." *Id*. at 124. The BIA found that if "Congress wished to make waivers available only to aliens who had committed simple marijuana possession, using a broad expression like 'relates to' would have been an unlikely choice of words." *Id*. As a result, the BIA

> conclude[d] that Congress envisioned something broader, specifically, a factual inquiry into whether an alien's criminal conduct bore such a close relationship to the simple possession of a minimal quantity of marijuana that it should be treated with the same degree of forbearance under the immigration laws as the simple possession offense itself.

*Id*. at 124–25.

> Based on its plain-language analysis, the BIA held

> that an alien who is inadmissible under section 212(a)(2)(A)(i)(II) of the Act may apply for a section 212(h) waiver if he demonstrates by a preponderance of the evidence that the conduct that made him inadmissible was either "a single offense of simple possession of 30 grams or less of marijuana" or an act that "relate[d] to" such an offense.

*Id*. at 125. But the BIA then set forth "several caveats" that "an applicant must bear . . . in mind" in his "attempt[ ] to make such a showing." *Id*.

> First, waivers are only available for offenses that merit the same lenient treatment as simple possession. An offense does not "relate[] to a single offense of simple possession of 30 grams or less of marijuana" *if it contains elements that make it substantially more serious* than "simple possession." For example, possessing marijuana in a prison or near a school may relate to marijuana possession, but such offenses do not relate to *simple* possession because they are inherently more serious than

-7-

the basic crime. *See Matter of Moncada*, 24 I&N Dec. 62 (BIA 2007). Second, removal proceedings are not a venue for the relitigation of criminal prosecutions. *See Matter of Ruiz-Massieu*, 22 I&N Dec. 833, 844 (BIA 1999), and cases cited therein. If the fact of conviction is sufficient to show that an alien committed actions in addition to (or more culpable than) a single offense of simple possession of a small amount of marijuana, then the inquiry is at an end, and section 212(h) relief is unavailable.

*Id*. (first emphasis added).

Here, the issue is whether the BIA's exclusion of a conviction for possession of drug paraphernalia within a motor vehicle from the waiver statute "is a reasonable and permissible interpretation of the statute." *Olivan-Duenas*, 416 F. App'x at 679. Popescu-Mateffy was found in possession of drug paraphernalia while driving a tractor-trailer and pleaded guilty to "possession of drug paraphernalia in a motor vehicle." The possession statute—South Dakota Codified Laws § 22-42A-3—penalizes the possession of drug paraphernalia without any reference to the location of the conduct. But the second statute of conviction—South Dakota Codified Laws § 32-12-52.3—provides for an enhanced penalty for conduct that occurs within a vehicle. For a first-time violation of the possession statute, for conduct that occurs within a vehicle,"the court shall revoke the driver license or driving privilege of the driver so convicted for a period of ninety days." S.D. Codified Laws § 32-12-52.3.

The BIA found that this "penalty enhancement" for possessing drug paraphernalia in a vehicle sufficiently demonstrates conduct that is "substantially more serious than 'simple possession'" and "removes [Popescu-Mateffy] from the purview of section § 212(h) of the Act." As the government notes, "possession of drug paraphernalia in a motor vehicle carries an inherent danger to the driver, passengers, and others on the road." We conclude that "[t]he BIA's interpretation of § 1182(h)'s waiver for "a single offense of simple possession of . . . marijuana' as not including

[the possession of drug paraphernalia in a vehicle] is not arbitrary, capricious, or manifestly contrary to the statute." *Olivan-Duenas*, 416 F. App'x at 681.

### III. *Conclusion*

Accordingly, we deny the petition.

_____